### LANGE v. GRABE.

INSURANCE OF MORTGAGED PREMISES.

An agreement in a mortgage to keep property fully insured in favor of a mortgagee; or in the event of a failure so to do, then the same may be affected by the grantee, and all expenses arising from premiums or otherwise shall constitute a lien against the mortgaged premises, is not broken until the mortgagee has paid premiums, even though the insurance companies refuse to issue a policy upon the property in his favor.

HAYNES, J.

This case was brought here by appeal. The plaintiff filed her petition in the court of common pleas for the purpose of foreclosing a certain mortgage, and set up in that petition the following note:

"$701.44.                                            TOLEDO, O., *March 11, 1894.*

"Three years after date I promise to pay to the order of Dora Lange, seven hundred and one dollars and forty-four cents, value received, with interest at six per cent per annum.               AUGUST GRABE."

(Secured by mortgage on real estate.)

This petition was filed in the court of common pleas on the 14th day of June, 1894, being about three months after the execution of the

Lange v. Grabe.

note, and long before the note had fallen due, and before anything was due upon it, either of principal or interest, according to its terms.

The plaintiff then proceeds to set up the mortgage, and after doing that and describing it, the petition proceeds:

" Plaintiff further says that said deed of mortgage has the following conditions thereunder written, and became an important condition in the sufficiency of the security of said note, to wit: 'The said obligor further agrees to pay all taxes and assessments against said premises, as the same shall become due and payable; and further agrees to keep said premises fully insured in favor of said grantee, her heirs or assigns, in companies to be approved by her, failing in which such insurance may be affected by said grantee, and all expenses thus arising from premiums or otherwise shall constitute a lien against said premises from this date, as though specifically stipulated therein. It being hereby covenanted, that if failure be made in the payment of either principal, interest, taxes, assessments, or insurance premiums, or any part thereof when due, as aforesaid, and the same shall remain in arrears for thirty days, the whole of said principal sum shall become and be then due, and the said mortgagee, her heirs or assigns, shall be and are hereby, authorized in said case of default to proceed at her option for the collection of the whole amount unpaid thereon. Now, if the said August Grabe, his heirs, assigns, executors, or administrators, shall well and truly pay the aforesaid obligation according to the tenor thereof to the said Dora Lange, her heirs and assigns, together with all taxes, assessments, and insurance premiums, then the above deed shall be void; otherwise the same shall remain in full force and virtue.'

" Plaintiff says the said defendant has not kept the conditions of said mortgage deed; that said conditions have been broken by said defendant with reference to the condition of insurance by said defendant. That more than thirty days have elapsed since the making of said mortgage; that he has repeatedly and wilfully refused, and still wilfully refuses to procure for plaintiff's benefit and protection said insurance, and have the same properly transferred upon the books of the insurance company, loss, if any payable to plaintiff as her interest may appear, as a part of her mortgage security, but still wilfully refuses to effect said insurance, according to the terms of said mortgage.

"Plaintiff says that she has endeavored to procure insurance on her own account as provided in said mortgage, for the purpose of protecting her mortgage interest in said property, but has failed to procure said insurance, for the reason said defendant has a policy of insurance on said premises for all said property will bear, and all insurance agents are willing to carry."

The petition then described the property.

There is no allegation, it will be perceived, that the note itself is due, or that the interest is due, or taxes and assessments; the whole gravamen of the petition is, that the defendant has insured the premises in his own name and refuses to assign the policy to the plaintiff or to have the same made payable to her, as her interest may appear. It will be noticed that the condition is that he shall insure the premises in favor of said grantee, and that if he fails to do it, then the insurance may be effected by the grantee, and the expenses and premiums shall constitute a lien against said premises from that date, as though specifically stipulated therein. And the further condition is, that if he fails to pay the insurance premiums, or any part thereof when due as aforesaid, and the

same shall remain in arrears for thirty days, the whole of said sum shall be then due, at the option of the plaintiff.

The defendant having failed to make the insurance as agreed, taking insurance in his own name, the only excuse that plaintiff gives for not insuring them herself is, that she has not been able to effect insurance, for the reason that the agents refuse to issue a policy upon the property in her favor.

We have examined the matter with some care, and we are clearly of the opinion that the condition of this mortgage is not yet broken in refusing to pay premiums, for the plain reason that the mortgagee has paid no premiums, and that the condition upon which the whole sum would become due was, "if he should fail to pay the premiums which had been advanced or paid by the plaintiff."

The rights of the parties under this conditton of affairs seem to be well settled by the authorities. I read first from a case in 5 R. I.,— *Nichols* v. *Baxter*, 491—I will read from the syllabus:

" A mortgagee, merely as such, has no interest in or claim to a policy of insurance effected by the mortgagor upon the mortgaged property for his own benefit.

" A covenant, or a contract, express or implied, by the mortgagor, that he will keep the mortgaged premises insured during the existence of the mortgage, for the benefit of the mortgagee, creates an equitable lien in favor of the latter upon the money due for a loss on a policy effected by the former in his own name upon the mortgaged property, whether the policy exist upon the property at the time of the mortgage, or be afterwards taken out by the mortgagor; and where, in case of an existing policy of a certain amount, having six years to run at the time of the execution of the mortgage, a condition in the mortgage called for the keeping up of insurance by the mortgagor of precisely that amount for the benefit of the mortgagee, the amount, in case of loss, to be payable to him, it was held that, by virtue of the contract of the parties, evidence by such a condition, the mortgagee had an equitable lien, after loss, upon the amount due upon the policy of the mortgagor, notwithstanding a clause in the condition permitted the mortgagee, in default of the fulfillment of such condition by the mortgagor, to take out a policy of that amount for his protection at the expense of the mortgagor, and under the security of the mortgage for the premiums paid by him therefor.

In such case, the insurance company and an assignee of the policy, both of whom were notified of the equity of the mortgagee prior to the assignment, were held to be subject to that equity.

The case was discussed, and many decisions are cited by the learned judge who delivered the opinion in that case in support of the propositions laid down in the syllabus.

Another case may be found in 101 U. S., 439—*Wheeler* v. *Insurance Co.* The syllabus is:

"Where by his covenant or otherwise a mortgagor is bound to insure the mortgaged premises for the better security of the mortgagees, the latter have, to the extent of their interest in the property destroyed, an equitable lien upon the money due on a policy taken out by him."

"This equity exists, although the covenant provides that in case of the mortgagor's failure to procure the insurance and assign the policy, the mortgagees may procure it at his expense."

Lange v. Grabe.

Mr. Justice Bradley, in delivering the opinion of the court, says:

"It is undoubtedly the general rule that a mortgagee has no right to the benefit of a policy taken by the mortgagor, unless it is assigned to him. But it is settled by many decisions in this country, that if the mortgagor is bound by covenant or otherwise to insure the mortgaged premises for the better security of the mortgagee, the latter will have an equitable lien upon the money due on a policy taken out by the mortgagor to the extent of the mortgagee's interest in the property destroyed. And this equity exists, although the contract provides that in case of the mortgagor's failing to procure and assign such insurance, the mortgagee may procure it at the mortgagor's expense. Of course the mortgagee's equity will be governed by the scope and object of the agreement; as, if the agreement be to insure for a certain amount, the equity will not apply beyond that amount; and as its object is to afford better security for the payment of the debt, it will not be enforced further than is necessary for such security; if the debt is abundantly secured by the property which remains liable to the mortgage, a court of chancery would properly decline to enforce it."

The present case, however, is not embarrassed by any questions of this sort. The defendant, by way of answer and cross-petition, denying that he is indebted in any sum upon the mortgage or upon the note, sets forth as the reason therefor the allegation that they "were obtained by plaintiff from defendant without any consideration whatever, and by the fraud, imposition and coercion practiced by said plaintiff upon this defendant." And he thereupon proceeds to set up that "he is of about the age of 64 years, and that plaintiff is his daughter by his wife in first marriage, that since the death of his first wife, and at or about the time of the execution of the alleged note and mortgage in the petition set forth, defendant desired to remarry, but plaintiff was opposed to said marriage, for no other reason than that she feared she might not inherit the property possessed by defendant, and for the purpose of coercing and compelling defendant to give her a share of his property in advance of said marriage, the plaintiff threatened to place the defendant under guardianship in the probate court of Lucas county, Ohio, and all for the purpose of preventing defendant from alienating his property or entering into the marriage contract; that by said threats and importunities, said defendant was, by plaintiff, induced to exectue and deliver to her the note and mortgage set forth in the petition, without any consideration therefor." She says that, "at the time of the execution of said note and mortgage, he was not indebted to the plaintiff in any sum; that he received nothing for said mortgage and note, and that by reason of the premises, said note and mortgage are void and of no effect in law." And he prays that plaintiff may be ordered to cancel and deliver up said note and mortgage, and that the same be declared void and of no effect.

To this there was a reply filed, and for that reply she says:

"That it is not true, and she denies that the note and mortgage set forth in her petition and referred to in defendant's answer was obtained by plaintiff from said defendant without any consideration whatever, and by fraud, imposition and coercion practiced by plaintiff upon this defendant; but on the contrary avers, that a long time and several years prior to the execution of said note and mortgage she had recovered a large sum of money in her own right from a certain party, to wit: $550, and was the owner of the same; that said defendant borrowed $450 of said money of plaintiff on or about the 27th day of July, 1874, for the pur-

pose of making payment on the property then bought or about to be bought by said defendant, and which is the same property mentioned in the mortgage and the same that this mortgage covers; that said defendant then promised when he so took said money from her that he would repay her; that said defendant being her father, she relied upon him, and believed he would repay her and that no security therefor was at that time taken by her for said money so as aforesaid loaned to him, and none whatever was taken until said note and mortgage was given by said defendant, as mentioned in her petition; and that the note and mortgage mentioned in her petition and the answer was so as aforesaid given to her by said defendant to secure her for the money so as aforesaid loaned to said defendant, and the accrued interest, or so much thereof as was agreed upon by them on the settlement at the time said note and mortgage was given. That said defendant had full knowledge of all the facts, and that said settlement was not arrived at or agreed to without several interviews and attempts at settlement, both private and with her attorney in his office; that no fraud, imposition, or coercion or intimidation was practiced upon defendant or attempted to be practiced; that a long time elapsed before said settlement was made after it was began, and that said defendant had ample time to consult with and be represented by counsel, if he so desired, before he consented to or signed said note and mortgage; that said defendant is not an imbecile, neither is he unsound in mind, but on the contrary, is in the full possession of his mental faculties and fully capable of knowing and protecting his property rights, and properly transacting all his business intelligently and understandingly.

"Plaintiff further replying, says, that it is not true, and she denies that she was opposed to her said father's marriage for no other reason than that she feared she might not inherit the property possessed by defendant, and for the purpose of coercing defendant to give her a share of his property in advance of said marriage.

It appeared from statements made by counsel at the trial that there was a question arose between these parties as to the right of this plaintiff to this money at the time this note and mortgage was given. The defendant then desired to proceed to further show that there was no consideration for the note and mortgage. We declined to hear the evidence. And now upon the facts before us, the petition and also the cross-petition of the defendant will be dismissed—each party to pay his own costs.

*C. S. Curtis*, for Plaintiff.

*J. E. Pilliod*, for Defendant.